## KNIGHT v SHIELDS

Ohio Appeals, 2nd Dist, Montgomery Co

No 1310.  Decided Feb 7, 1935

Vincent Shields, Dayton, Dale Hodapp, Dayton, and Jacobson & Durst, Dayton, for plaintiff in error.

Irvin C. Delscamp, Dayton, for defendant in error.

38

## OPINION

By BARNES, J.

There was introduced in evidence the statute law of Tennessee as in effect from 1906 up to the time of the hearing in the Probate Court and being designated as follows:

"Secs 4188, 2438-3298 . A second marriage can not be contracted before the dissolution of the first. But the first shall be regarded as dissolved for this purpose, if either party has been absent five years and is not known to the other to be living. (1829 c.h. 23, §16)."

Under the very clear provisions of this statutory law, Matilda's marriage to Knight was dissolved in 1912 at the time she claims to have entered into her common law marriage with George Maynard Lott, provided her present testimony, that she never heard of Dean Knight after his desertion of her two months after their marriage, is to be believed. The evidence on this question is in conflict, but the Probate Court as trier of the facts found with Matilda Lott. We do not think that the conflict in the testimony is of such character that a reviewing court would be warranted in saying that such conclusion was against the manifest weight of the evidence. It is our conclusion that the Common Pleas Court and this court should abide the decision of the Probate Court on this controverted question.

There was also introduced in evidence decisions of the courts of record of the State of Tennessee. Therein it appears to be the law of that state that common law marriages are illegal and not recognized. However, in two of the cases it is stated that notwithstanding the illegality of the marriage where parties have co-habited as in a state of matrimony an estoppel arises from defeating any property rights that either spouse might have if legally married.

Common law marriages are recognized under the laws of Ohio.

Carmichael v State, 12 Oh St, 553.

Umbenhower v Labus, 85 Oh St, 238.

Johnson v Wolford, 117 Oh St, 136.

Industrial Commission v Terrell, 120 Oh St, 59.

And other numerous decisions of Nisi Prius Courts and Courts of Appeals.

Ohio Jurisprudence, Volume 26 (Marriage) §10, page 23.

The one Ohio decision in which the question of validity of common law marriage was very seriously doubted is that of Bates v State, 9 C.C. (N.S.) 273. This decision of the Circuit Court was affirmed in the Supreme Court 77 Oh St, page 622 in the following memorandum opinion:

"Judgment affirmed on the ground that evidence did not establish a common law marriage. Whether such marriage, if proved, would be a predicate for the indictment not considered."

It is essential to the consummation of a common law marriage that the contract be in praesenti. By this is meant the language used must be susceptible of the construction that the marriage then and there exists and not an agreement to marry in the future. It must be consummated. A mere cohabitation is not sufficient, but under the law of Ohio cohabitation must follow the contract in praesenti. It must not be for a limited period of time but the contract must contemplate a continuance during life. When such contract is executed in praesenti followed by cohabitation it takes on the sanctity of a ceremonial marriage and can only be dissolved by death or divorce. Mere separation does not dissolve the marital relation either in ceremonial or common law marriage. A contractual common law marriage like all other contracts is controlled by the law of the place where made. If the state where the claimed contract is entered into does not recognize common law marriages, the same would not be recognized in this state on the contract alone. Applying this principle to the instant case it must follow that since common law marriages are not recognized in the state of Tennessee except for a limited purpose they will not be recognized in the State of Ohio except upon the same limited basis unless on other and further showing than the mere contract claimed to have been executed in Tennessee.

The recital of the claimed language used by Matilda and George Maynard Lott in Tennessee followed by immediate cohabitation would have been sufficient under the laws of Ohio to constitute a common law marriage had the claimed common law contract taken place in this state. When Matilda and George Maynard Lott moved to Ohio and continued their cohabitation and all the relations of husband and wife, the law thereby supplies the imputation of renewal of their marriage agreement in praesenti even though there was an absence of any express declaration. The subsisting disability prescribed under the law of Tennessee is removed when the parties took up their abode in this state where common law marriage is recognized.

Travers v Reinhardt, 205 U. S., 423-440.

Jenkins v Jenkins, 30 Oh Ap, 336 (6 Abs 596).

26 O. Jur., page 32, §21.

In brief of counsel for defendants in error the claim is made that the separation between Matilda and George Maynard Lott occurring in 1928 would dissolve any relation existing between the parties even if it might be determined there was a valid common law marriage. This apparently is based upon excerpts from syllabus and dictum wherein the elements of the contract

constituting common law marriage are set out.

It is quite true that the common law marriage in contemplation of law must be for life just as in the ceremonial marriage each spouse betrothes "until death do us part." This does not mean that either of the parties to a common law marriage may dissolve the same by a separation or marriage to another person. If the common law marriage is to be recognized at all it must be recognized for all purposes. The law directing that it must be a contract in praesenti makes it effective immediately if followed by cohabitation. To hold otherwise, would be permitting companionate or trial marriage. Such a situation would be obnoxious. The ceremonial marriage with all the solemnity attending should be encouraged but when the state does recognize common law marriages it is important that they may not be easily dissolved.

Counsel in their briefs have submitted a great number of citations. We have very carefully examined and read all such authorities and have made an independent investigation. We find that the subject of common law marriages is discussed in the text in **26 Ohio Jurisprudence** under the subject **"Marriage" §§10 to 23** inclusive. In support of the text all of the Ohio cases on the subject are cited under the notes. To quote from these numerous cases would only unnecessarily add to the length of this opinion. Legal authority will be found therein in support of our conclusions.

In view of the findings of fact of the Probate Court as disclosed from the written opinion accompanying briefs, we think the Common Pleas Court was in error in reversing the judgment of the lower court.

It is our determination that the judgment of the Common Pleas Court should be reversed and that of the Probate Court sustained. The cause is remanded for further proceedings according to law. Exceptions will be allowed, if desired. Entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.